426 A.2d 1148

**COMMONWEALTH of Pennsylvania**

v.

**George Anthony RAINEY, a/k/a Theodore George Rainey, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed March 6, 1981.

Jeffery M. Cook, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

This is an appeal from the judgment of sentence entered against appellant for resisting arrest.[1] Appellant was convicted in a bench trial and subsequently sentenced to serve no less than four and no more than twelve months of incarceration. This appeal followed.

The sole question raised is the sufficiency of the evidence to sustain the conviction. It is axiomatic that our test on appeal of a defendant's conviction is whether, reading the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, the Commonwealth has proven all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973); *Commonwealth v. Stukes*, 435 Pa. 535, 257 A.2d 828 (1969).

Reading the evidence in the light most favorable to the Commonwealth the facts established at trial are these. Inebriated after a night of heavy drinking, appellant sought refuge at the home of a friend, Fletcher Duncan. Unknown to appellant Duncan had shortly before moved. Upon arriving at his friend's former residence, appellant entered and found the apartment vacant. Obligated by the call of nature and the effects of too much drinking, appellant proceeded to the bathroom. The sound of the toilet flushing awakened the inhabitant of the second floor apartment, who then called the police. A short time thereafter, Officer

1. Appellant was charged both with violating Section 5104 of the Crimes Code, Act of 1972, Dec. 6, P.L. 1482, No. 334 § 1, 18 Pa.C.S. § 5104, i. e., resisting arrest, and with defiant trespass. He was acquitted of the trespass charge.

Hockley of the Harrisburg Police Department entered and found appellant lying on the floor. Officer Hockley roused the appellant and placed him under arrest. Appellant ignored the officer and attempted to leave, but was restrained from doing so by the officer's grip on appellant's neck and belt. Officer Brown entered the apartment and placed appellant against the wall for frisking. He then escorted appellant to a waiting police van, while Officer Hockley spoke with the second floor tenant and, by telephone, with the building's owner. The walk to the van was uneventful but once reaching it, appellant attempted to run away. Officer Brown pursued and grabbed appellant by the sleeve of his coat. Appellant began to shake himself violently, to wiggle and squirm in an attempt to free himself of the officer's grasp. Corporal Neubaum arrived on the scene and proceeded to strike appellant on the head with his nightstick, inflicting a wound which later required six stitches. Even after the blow to his head, appellant continued his aforesaid conduct. Officer Brown then grabbed appellant by the throat choking him to such an extent that he was obliged to release his grip lest appellant succumb for lack of air. While choking appellant Officer Brown struck his knee against the curb, slightly reinjuring the joint, which had then only recently been operated upon. Finally, Officer Hockley came to the assistance of Officer Brown and Corporal Neubaum. The three then subdued appellant and handcuffed him. By their own testimony, Officers Brown and Hockley admitted that at no time during the fracas did appellant strike, push or kick anyone, but merely attempted to squirm, wiggle, twist and shake his way free of their grasp. Officer Brown's fall came about as a result of his attempt to hold onto appellant's throat and not through any aggressive act on the appellant's part.

■ The section of the Pennsylvania Crimes Code under which appellant was convicted reads:

"A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the

person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104.

Except for the addition of the words "of the second degree" our Section 5104 mirrors Section 208.31 of the Model Penal Code (Tent. Draft No. 8). The comment to Section 208.31 reads in part:

"Resistance to arrest is one of the commonest forms of obstructing the execution of the laws. We deal with it specifically rather than leave it to the general terms of Section 208.30 because we wish to confine the offense to forcible resistance that involves some substantial danger to the person. The policy against making mere non-submission an offense has already been mentioned in Comment 5 to Section 208.30. It extends to minor scuffling not unusual in arrest." Model Penal Code, Tent. Draft No. 8, p. 129.

Comment 5 to Section 208.30, which deals with obstruction of the administration of justice, reads:

"*Exceptions.* The exceptions in Section 208.30 for flight, refusal to submit to arrest, and other forms of non-submission to authority, are necessary to prevent an overly broad application of the terms 'physical interference' and 'unlawful act.' One who runs away from an arresting officer or who makes an effort to shake off the policeman's detaining arm might be said to obstruct the officer physically. A person who violates a condition of his probation or parole by going to a forbidden place would be engaged in an unlawful act. Failure to file tax returns or other required documents may be unlawful and properly punishable by special provisions. But these are not cases within the contemplation of a section concerned with affirmative subversion of government processes. Nor would we desire to make it criminal to flee arrest. The adequate social measure for this is to authorize police to pursue and use force necessary to arrest. If the arrest is effectuated, prosecution can be had for the original of-

fense. If, as is very often the case, the arrested person is innocent or cannot be proved guilty of the offense for which he was arrested, it would be unjust and conducive to grave abuse to permit prosecution for an unsuccessful effort to evade the police." *Id.*, pp. 128–129. [footnote omitted].

In light of the comments to the Model Penal Code and the evidence adduced at trial, we cannot say that the Commonwealth proved beyond a reasonable doubt all the elements of the crime of resisting arrest. Appellant's actions in attempting to escape were no more than efforts "to shake off the policeman's detaining arm." Appellant neither struck, nor struck out at the arresting officers; nor did he kick or push them. At most this was a "minor scuffle" incident to an arrest. While it may be that appellant's conduct was disorderly (18 Pa.C.S. § 5503), his intoxication public (18 Pa.C.S. § 5505), and his trespass criminal (18 Pa.C.S. § 3503), the evidence in the case is insufficient to convict appellant of resisting arrest as that crime is defined by Section 5104 of the Crimes Code. *Cf. Commonwealth v. Meo*, 233 Pa.Super. 483, 334 A.2d 748 (1975).

Therefore, the conviction and judgment of sentence are reversed and appellant hereby ordered discharged.

WATKINS, J., notes his dissent.