J-S46003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAL EL PURNELL, | |
| Appellant | No. 2538 EDA 2015 |

Appeal from the Judgment of Sentence Entered March 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0045891-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 02, 2016**

Appellant, Jamal El Purnell, appeals from the judgment of sentence of two years' probation, imposed on March 30, 2015, in the Philadelphia County Municipal Court, following his conviction for resisting arrest, 18 Pa.C.S. § 5104.  On appeal, Appellant challenges the sufficiency of the evidence to sustain his conviction.  After careful review, we affirm.

The facts underlying Appellant's conviction are as follows:

On November 29, 2013, at approximately 9:00 p.m., Police Officer Bickel and his partner were on duty performing a "park and walk" at the Hill Creek Homes housing project.  It is a high crime area; there are drug and narcotic sales, robberies, and burglaries.  In the middle of the development, at 534 Adams Avenue, the officers encountered Appellant.  Appellant was walking very quickly in a perpendicular direction to the officers.  Officer Bickel yelled "yo" to Appellant.  Appellant then stopped

_____

[*] Retired Senior Judge assigned to the Superior Court.

walking, saw the officers, turned around, and discarded items into the grass behind him. The officers crossed the street and walked up to Appellant. Appellant turned around with his hands out to his sides and became verbally aggressive to the officers. Appellant asked why the officers were stopping him and proceeded to yell at them. At this point, Officer Bickel walked past Appellant to the area where Appellant previously discarded the items and found drugs, specifically, cocaine, crack cocaine, and marijuana. While Officer Bickel was picking up the discarded drugs, his partner told Appellant to put his hands on his head so that [the officer] could do a frisk for weapons. While Officer Bickel's partner was frisking Appellant, Appellant's hands kept "coming down" from his head. Officer Bickel's partner sought to put Appellant in handcuffs to restrain him. When he had one handcuff on Appellant, Appellant tried to run. At that point, the officer grabbed Appellant by the wrist and the two of them fell to the ground. Appellant was still trying to get away by pulling himself away from the officer. Officer Bickel saw what was happening and ran over to Appellant and jumped on his back while [the officer's] partner was still wrapped around Appellant's waist. At this point, Officer Bickel, his partner, and Appellant were all on the ground. Officer Bickel yelled, "police, police, give me your hands, stop resisting." Officer Bickel and his partner were eventually able to place Appellant into custody. None of the officers sustained any injuries. The episode lasted approximately thirty seconds.

Trial Court Opinion (TCO), 1/13/16, at 1-3 (citations to the record omitted).

Based on these facts, Appellant was charged with resisting arrest, possession of a controlled substance, and possession of a small amount of marijuana, 35 P.S. §§ 780-113(a)(16) and (a)(31), respectively. On March 30, 2015, following a non-jury trial before the Philadelphia County Municipal Court, Appellant was convicted of resisting arrest, but acquitted of the possession offenses. He was sentenced that same day to two years' probation. On April 28, 2015, Appellant filed a petition for writ of *certiorari*

in the Court of Common Pleas of Philadelphia County. On July 27, 2015, the court denied Appellant's petition.

Appellant filed a timely notice of appeal with this Court, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents one question for our review: "Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for resisting arrest, where [A]ppellant did not create a substantial risk of bodily injury to the police officer, and where his conduct did not require substantial force to overcome?" Appellant's Brief at 3.

Preliminarily, we note that,

[a] lower court's decision on the issuance of a writ of certiorari will not be disturbed absent an abuse of discretion. Certiorari provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law. Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on certiorari. A petition for a writ of certiorari provides an aggrieved party an alternative to a trial *de novo* in the Court of Common Pleas.

***Commonwealth v. Elisco,*** 666 A.2d 739, 740–741 (Pa. Super. 1995) (internal citations omitted). Furthermore,

[i]n reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno,*** 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell,*** 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it

links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

The offense of resisting arrest is defined in 18 Pa.C.S. § 5104, as follows:

> **§ 5104. Resisting arrest or other law enforcement**
>
> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104 (emphasis added). Moreover, proving the crime of resisting arrest "does not require the aggressive use of force such as a striking or kicking of the officer." ***Commonwealth v. McDonald***, 17 A.3d 1282, 1285 (Pa. Super. 2011). Indeed, even passive resistance, which requires officers to use substantial force to overcome, has been deemed sufficient to sustain a conviction for resisting arrest. ***See Commonwealth v. Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007).

In the present case, Appellant argues that the evidence was insufficient to prove that he created a substantial risk of bodily injury to the officers, or that substantial force was required to overcome his resistance. Appellant explains that his "conduct consisted of letting his elbow drop from his head while being frisked; trying to get away from the police; and while on the ground with police on top of him, keeping his hand near his waist for less than thirty seconds." Appellant's Brief at 7. Appellant stresses that he

"did not strike the officers" or cause injury to either officer. ***Id.*** For these reasons, he maintains that this conduct did not create a risk of bodily injury to the officers, nor require substantial force to overcome.

We disagree, as we deem the evidence - viewed in the light most favorable to the Commonwealth - sufficient to prove that Appellant's resistance required substantial force to quell. The following two cases support our decision. First, in ***Thompson***, this Court upheld the defendant's resisting arrest conviction based on the following facts:

> Officer Ewing testified that she struggled to pull [Thompson] apart from her husband with whom she had interlocked her arms and legs. Although Officer Canfield verbally commanded Appellant several times to put her hands behind [her] back, she refused to obey and held her arms tightly beneath [her]. Officer Canfield testified that his attempts to restrain the couple to place them under arrest left him "exhausted."

***Thompson***, 922 A.2d at 928.

Second, in ***Commonwealth v. Clark***, 761 A.2d 190 (Pa. Super. 2000), an officer tried to arrest Clark, at which point Clark "took a fighting stance," and "the officer had to pepper-spray" him. ***Id.*** at 193. The officer then had to "chase [Clark] down traffic lanes before apprehending him. Upon attempting to apprehend [Clark] there was a struggle, and the arresting [o]fficer had to roll [Clark] over on the ground to handcuff him." ***Id.*** This Court concluded that "[s]ubstantial force was thus required to overcome [Clark's] resistance to the arrest." ***Id.*** at 193-94.

Here, as in **Clark**, Appellant tried to escape an officer's attempts to arrest him. While no pepper spray was used, the officer did have to wrap his arms around Appellant's waist and drag Appellant to the ground. Nevertheless, Appellant's resistance did not cease; instead, he continued to struggle to free himself from the officer's grasp, requiring Officer Bickler to assist his partner by jumping on Appellant's back. As in **Thompson**, Appellant ignored Officer Bickler's verbal commands to stop resisting, and continued to keep his free, un-cuffed hand at his waist rather than bringing it to his back to allow the officer to handcuff him. Also similar to **Thompson**, and more egregious than in **Clark**, it took the efforts of two officers to overcome Appellant's resistance and handcuff him. In light of Appellant's conduct, and this Court's decisions in **Thompson** and **Clark**, we conclude that substantial force was required to overcome Appellant's resistance.

The cases on which Appellant relies do not compel the opposite result. First, in **Commonwealth v. Rainey**, 426 A.2d 1148 (Pa. Super. 1981), a police officer attempted to arrest the defendant, who was intoxicated. **Id.** at 1148. The defendant "began to shake himself violently, to wiggle and squirm" in an effort to escape the officer's grasp. **Id.** at 1148-1149. It ultimately took three officers to subdue him. **Id.** During the incident, one officer sustained a knee injury. **Id.** In concluding that the defendant's conduct did not amount to resisting arrest, we stressed that his "actions in attempting to escape were no more than efforts 'to shake off the

policeman's detaining arm.' [The defendant] neither struck, nor struck out at the arresting officers; nor did he kick or push them. At most this was a 'minor scuffle' incident to an arrest." *Id.* at 1150 (citation omitted).

Notably, the *Rainey* panel did not explicitly discuss the 'substantial force' element of section 5104. Therefore, *Rainey* does not offer much guidance to our decision herein.[1] Additionally, the other two cases on which Appellant relies are inapplicable. For instance, in *Commonwealth v. Eberhardt*, 450 A.2d 651 (Pa. Super. 1982), we discussed why the evidence was insufficient to prove that the defendant risked substantial injury to the arresting officers, but we did not address the substantial force aspect of resisting arrest because the defendant "was not charged with this part of section 5104 in the information." *Id.* at 653. In *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa. Super. 1997), this Court vacated the defendant's resisting arrest conviction because *his arrest was illegal*; we did not discuss the sufficiency of the evidence to prove the defendant caused a substantial risk of injury, or that substantial force was required to subdue

_____

[1] Moreover, not long after *Rainey*, this Court characterized, without specificity, the above-quoted language of *Rainey* as "dictum" that should not be read as suggesting that "an essential element of the crime of resisting arrest [is] that the actor strike or kick the arresting officer." *Commonwealth v. Miller*, 475 A.2d 145, 146 n.4 (Pa. Super. 1984). Thus, while *Rainey* can be read as supporting that a 'minor scuffle' is insufficient to constitute resisting arrest, the precedential impact of the remainder of the *Rainey* decision is questionable.

him.   *Id.* at 208.   Clearly, neither **Eberhardt** nor **Wertelet** control our decision herein.

In sum, **Thompson** and **Clark** support our conclusion that Appellant's resistance required substantial force to overcome.[2]   The cases on which Appellant relies to challenge his resisting arrest conviction are either inapplicable or unconvincing regarding that aspect of section 5104.   Because Appellant does not dispute the legality of his arrest, the elements of resisting arrest were satisfied in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2016

_____

[2] Accordingly, we need not address whether the evidence proved that Appellant's conduct caused a substantial risk of bodily injury to the arresting officers.