J-S45023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIL DABNEY | |
| Appellant | No. 1447 EDA 2016 |

Appeal from the Judgment of Sentence January 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000988-2015
CP-51-CR-0000989-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 14, 2017**

Appellant, Jamil Dabney, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for possession with intent to deliver ("PWID"), recklessly endangering another person ("REAP"), and resisting arrest.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On November 18, 2014, two on-duty Philadelphia police officers in a marked squad car observed Appellant engage in a hand-to-hand drug transaction. The officers attempted to apprehend Appellant, but were unsuccessful. About an hour later, the officers again spotted Appellant near the same

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 2705, and 5104, respectively.

corner. Appellant appeared to engage in another hand-to-hand drug transaction.

Officer Lewis exited the squad car and chased Appellant on foot, while Officer James attempted to follow in the car. Officer Lewis tackled Appellant in a nearby alley. Appellant fumbled with the waistband of his pants, and ignored Officer Lewis's commands to show his hands. Appellant then reached toward Officer Lewis's chest and pulled his police radio off. Appellant grabbed Officer Lewis by the neck and began applying pressure. Officer Lewis struck Appellant in the head with his elbow several times until Appellant released the officer's neck. Appellant then stood and tried to flee.

Officer James approached Officer Lewis and Appellant on foot, and assisted Officer Lewis in putting Appellant in handcuffs. The officers recovered two crushed vials of phencyclidine, commonly called PCP, from the ground where Officer Lewis had tackled Appellant.

Appellant was charged with PWID, possession of a controlled substance, aggravated assault, simple assault, REAP, and resisting arrest. Appellant filed a pretrial motion to quash based on the Commonwealth's alleged failure to make out a *prima facie* case; the trial court denied Appellant's motion. Appellant then filed a motion to suppress the drugs recovered from the scene of his arrest, claiming the officers had no reasonable suspicion or probable cause to stop Appellant. The trial court also denied that motion, and Appellant proceeded to a bench trial. The court

convicted Appellant of PWID, REAP, and resisting arrest, and determined Appellant was not guilty of the other charged offenses.

The court sentenced Appellant to fifteen to thirty months' incarceration on the PWID conviction, plus an aggregate 4 years' probation on the REAP and resisting arrest convictions. Appellant timely filed a post-sentence motion challenging the sufficiency of the evidence supporting each of his convictions. The court denied the motion. Appellant appealed.

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction for resisting arrest. He claims the Commonwealth failed to present evidence demonstrating his brief struggle with Officer Lewis did not constitute resisting arrest, as Appellant did not create a substantial risk of injury to either officer. Appellant contends contact between officers and arrestees should be viewed on a continuum, with only the most serious cases violating the statute. Appellant insists his conduct was comparatively "mild" and thus does not qualify as resisting arrest. We disagree.

In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Bibbs*, 970 A.2d 440, 445 (Pa. Super. 2009) (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of

wholly circumstantial evidence. Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Id*. (citations and quotation marks omitted; brackets in original).

The Pennsylvania Crimes Code defines resisting arrest as follows:

### § 5104. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

"In order for a person to be guilty of resisting arrest, there must first have been a *lawful* arrest." **Commonwealth v. Stevenson**, 894 A.2d 759, 775 (Pa. Super. 2006) (emphasis in original; citation omitted). Bodily injury is the impairment of a physical condition or substantial pain. **See** 18 Pa.C.S.A. § 2301.

A minor scuffle is insufficient to support a conviction for resisting arrest. **See**, **e.g.**, **Commonwealth v. Rainey**, 426 A.2d 1148, 1150 (Pa. Super. 1981) (holding that simply trying to escape from officer's grip did not meet requirements for resisting arrest). However, more violent forms of struggling, such as kicking or hitting an arresting officer, constitute resisting arrest. **See**, **e.g.**, **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011); **Stevenson**, 894 A.2d at 775. The Commonwealth, however,

need not prove that an officer was actually injured by the defendant's conduct; merely that the defendant created a risk that the officer could be injured. **See Commonwealth v. Jackson**, 907 A.2d 540, 546 (Pa. Super. 2006).

We find that the Commonwealth met its burden in presenting sufficient evidence to convict Appellant of resisting arrest. The officers had probable cause to lawfully arrest Appellant based on the two hand-to-hand drug transactions they witnessed. Appellant did not merely attempt to run from the police or to escape Officer Lewis's grasp, but instead took the affirmative, violent step of grabbing Officer Lewis by his neck. Though Officer Lewis was not actually injured by Appellant's action, the Commonwealth need not prove that Appellant inflicted injury, only that he created a risk that he could have done so, which is certainly the case here. Consequently, this issue merits no relief.

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction for REAP. Appellant contends he did not put Officer Lewis in actual danger of death or serious bodily injury, since Officer Lewis said that Appellant's hands on his neck did not obstruct his breathing. Appellant also avers the evidence does not demonstrate that he consciously disregarded a known risk of serious bodily injury. We disagree.

To establish REAP, the Commonwealth must show that a person recklessly engaged in conduct which placed or may have placed "another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The

Commonwealth is required to show that the defendant "consciously disregarded" the risk of death or serious bodily injury. ***Commonwealth v. Reynolds***, 835 A.2d 720, 727 (Pa. Super. 2003). "Serious bodily injury" is that which creates "a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. A REAP conviction will be sustained where the circumstances show that Appellant "had an actual present ability to inflict harm and not merely the apparent ability to do so." ***Commonwealth v. Cordoba***, 902 A.2d 1280, 1288 (Pa. 2006) (citation omitted).

As mentioned, Appellant placed his hands around Officer Lewis's neck and applied pressure. By doing so, Appellant consciously disregarded the risk that he could obstruct Officer Lewis's breathing and thereby seriously injure the officer. Though Appellant did not actually harm Officer Lewis, the statute requires only that Appellant engaged in conduct that *may* have placed Officer Lewis in danger of death or serious bodily injury. Appellant's placement of his hands around Officer Lewis's neck created that very risk. Appellant had the actual, present ability to inflict harm on the officer when Appellant choked him. He is entitled to no relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2017