J-S43024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY L. TONER | : | |
| | : | |
| Appellant | : | No. 1023 MDA 2018 |

Appeal from the Judgment of Sentence Entered January 23, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005082-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 04, 2019**

Appellant, Randy L. Toner, appeals from the January 23, 2018 Judgment of Sentence entered in the York County Court of Common Pleas following his convictions of Disorderly Conduct and Resisting Arrest.[1]  He challenges the sufficiency of evidence supporting his Resisting Arrest conviction.  After careful review, we affirm.

We glean the following factual and procedural history from the certified record. On the morning of July 25, 2017, Appellant was drinking alcohol, listening to loud music, and walking around his front porch and the sidewalk on the 600 block of East Middle Street. Around 2:00 PM, Appellant proceeded to walk and dance into the street, attempting to touch cars with his beer can

---

[1] 18 Pa.C.S. § 5503(a)(4) and 18 Pa.C.S. § 5104, respectively.

---

\* Former Justice specially assigned to the Superior Court.

and pouring beer over his own head. Appellant's neighbors became concerned for his safety and called the police.

Police Officer Adam Knepp, in full uniform, arrived at the 600 block of East Middle Street around 2:10 PM in a marked police cruiser in response to a report of disorderly conduct. He noted that Appellant appeared intoxicated in that he had slurred speech, bloodshot eyes, and was unsteady on his feet. Officer Knepp made several attempts to have Appellant sit down and comply; however, rather than comply, Appellant became agitated and walked away. Officer Knepp moved towards Appellant to arrest him for disorderly conduct; however, Appellant lifted both his hands to block Officer Knepp. Officer Knepp then wrapped his arms around Appellant, and they stumbled onto Appellant's porch. Appellant then froze and asked Officer Knepp, "what are you going to do now[?]" N.T. Trial, 1/23/18, at 27-28. Officer Knepp forced Appellant down onto the lawn. However, Appellant's arms remained under his body. Officer Knepp requested Appellant to remove his arms from out of his body, and warned Appellant he would tase him if he did not comply. Appellant did not comply. Officer Knepp then tased Appellant and placed his arms in handcuffs. Appellant continued to resist when placed in the police cruiser. Appellant was charged with Disorderly Conduct, Public Drunkenness, and Resisting Arrest.

A bench trial commenced on January 23, 2018, at which Appellant's neighbors and Officer Knepp testified. The Commonwealth submitted a

neighbor's cell phone video footage, as well as Officer Knepp's body camera footage.

The court found Appellant guilty of Disorderly Conduct and Resisting Arrest,[2] and immediately sentenced him to an term of time-served to 23 months' incarceration for the Resisting Arrest conviction, and a concurrent term of 12 months' probation for the Disorderly Conduct conviction.

After the dismissal of his Post-Sentence Motion, Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> The Commonwealth presented evidence which was insufficient to demonstrate Appellant created a substantial risk to the officer or that the officer needed to use substantial force to overcome Appellant's resistance. Appellant's conduct amounted to minor scuffling which is insufficient for a conviction for resisting arrest.

Appellant's Br. at 4.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hutchinson*, 164 A.3d 494, 497 (Pa. Super. 2017). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to

---

[2] The court found Appellant not guilty of Public Drunkenness.

establish all elements of the offense beyond a reasonable doubt."
***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).
"Further, a conviction may be sustained wholly on circumstantial evidence,
and the trier of fact—while passing on the credibility of the witnesses and the
weight of the evidence—is free to believe all, part, or none of the evidence."
***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In
conducting this review, the appellate court may not weigh the evidence and
substitute its judgment for the fact-finder." ***Id.***

A person is guilty of Resisting Arrest if, "with the intent of preventing a
public servant from effecting a lawful arrest or discharging any other duty, the
person creates a substantial risk of bodily injury to the public servant or
anyone else, or employs means justifying or requiring substantial force to
overcome the resistance." 18 Pa.C.S. § 5104.

We have held that even passive resistance that requires the use of
substantial force to arrest a defendant is sufficient to sustain a conviction for
Resisting Arrest. ***See***, ***e.g.***, ***Commonwealth v. McDonald***, 17 A.3d 1282,
1286 (Pa. Super. 2011) (sustaining Resisting Arrest conviction where after the
defendant refused to comply with police officers when they attempted to
handcuff his hands behind his back, and police officers tased him after
threatening to taser him if he did not comply); ***Commonwealth v.
Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007) (upholding Resisting Arrest
conviction where defendant refused officer's requests to place her hands

behind her back and interlocked her arms and legs with her husband, requiring the use of pepper spray when attempts to pry them apart failed). "[M]inor scuffling which occasionally takes place during an arrest" is not sufficient to establish Resisting Arrest. 18 Pa.C.S. § 5104 cmt. *See Commonwealth v. Rainey*, 426 A.2d 1148, 1150 (Pa. Super. 1981).

Appellant avers that Appellant's conduct was no more than "mere scuffling." Appellant's Br. at 12 (citing *Rainey, supra*). He asserts that the evidence is, therefore, insufficient to sustain his Resisting Arrest conviction. *Id.* We disagree.

Contrary to Appellant's characterization, the interaction between Appellant and Officer Knepp was not "a mere scuffle." The record, including the videotaped recordings, indicates that Appellant was acting in a disruptive manner that caused concern for his safety and the safety of others. When Officer Knepp attempted to arrest him, Appellant blocked him by lifting both his hands. N.T. Trial, 1/23/18, at 26; Commonwealth's Exh. 2. After a scuffle, Officer Knepp brought Appellant to the ground to put handcuffs on him. However, Appellant's arms were under his tensed-up body. N.T. Trial, 1/23/18, at 27-28. Officer Knepp asked Appellant to remove his arms from out of his body several times, and warned him he would tase him if he did not comply. *Id.*; Commonwealth's Exh. 2. Appellant refused to comply, and Officer Knepp tased Appellant in order to bring Appellant's arms out from

beneath his body and place him in handcuffs. N.T. Trial, 1/23/18; Commonwealth's Exh. 2.

Following our review of the record, including the videotaped recordings, we conclude that, when viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to establish that Appellant's resistance required Officer Knepp to use substantial force to effectuate an arrest. *See* 18 Pa.C.S. § 5104. Accordingly, this claim warrants no relief.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2019