J-S17002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOSEPH MOONEY | : | |
| | : | |
| Appellant | : | No. 1834 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 16, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0002040-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED: APRIL 20, 2020**

William Joseph Mooney appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas after a jury found him guilty of simple assault, *see* 18 Pa.C.S.A. § 2701(a)(1), and resisting arrest, *see* 18 Pa.C.S.A. § 5104. On appeal, Mooney asserts that the evidence was insufficient to establish that he resisted arrest. After a thorough review of the record, we affirm.

A Mahanoy City police officer, Officer Williams, responded to a report that a male was hanging out of a window on the third-floor of a divided, abandoned, and dilapidated house. The officer entered the house and walked up to the second floor. Upon hearing someone on the third floor, the officer identified himself and requested that person to come down to the second floor. Thereafter, the officer saw Mooney standing on the roof looking into the

window of the attic. It is uncontested that Mooney's parents owned at least one half of the divided property.

The officer tried to get Mooney to leave the roof and come back into the building, but Mooney asserted that the officer was trespassing and that the officer should leave given the unstable state of the building. Mooney then left the roof and entered through a window on the other half of the divided property. Noticing the unsafe floors around him and concerned with his own safety, the officer left the building and started to look for Mooney in the surrounding area outside.

While driving, the officer spotted Mooney on foot, exited his vehicle, and explained to Mooney that he was under arrest for criminal trespass. Mooney claimed that he did nothing wrong, and when the officer attempted to handcuff him, he pulled his arm away and began backing up from where he had been standing.

After Mooney's continued noncompliance, the officer deployed a Taser on Mooney's upper body. Mooney fell backward, and the officer again attempted to handcuff him. However, during this second attempt, Mooney flailed his arms, backhanded the officer with a fist to the officer's jaw, and proceeded to run away.

The officer later found Mooney lying in a roadway where he was complaining that he could not walk and also speaking in an angry and incomprehensible manner. Mooney was taken away by an ambulance, but while the ambulance was en route to the hospital, Mooney became

uncooperative with the EMTs. After the ambulance had to be stopped, it took the officer, the two EMTs, and another officer to subdue Mooney, and Mooney was handcuffed.

At trial, the jury found Mooney guilty of simple assault against EMT Eugene Kelly stemming from the incident in the ambulance and of resisting arrest. The trial court sentenced him to two to twelve months of incarceration for resisting arrest and a concurrent six to twelve months for simple assault. Both Mooney and the trial court have complied with the dictates of Pa.R.A.P. 1925, so the appeal is properly before us.

On appeal, Mooney presents one issue for our review:

1) Did the Commonwealth present sufficient evidence to support the elements of the crime for a conviction for resisting arrest?

Appellant's Brief, at 4.

"We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id*. "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id*.

Mooney challenges only the sufficiency of the evidence supporting his conviction for resisting arrest. A person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. From this statutory precept, our Supreme Court has emphasized that to be convicted of resisting arrest, the underlying arrest must be lawful. **See Commonwealth v. Biagini**, 655 A.2d 492, 497 (Pa. 1995). For an arrest to be lawful, there must be probable cause to arrest the defendant. **See id**. As to the resisting component of the offense, we have held that even passive resistance that requires the use of substantial force is sufficient to sustain a conviction for resisting arrest. **See Commonwealth v. McDonald**, 17 A.3d 1282, 1286 (Pa. Super. 2011) (sustaining conviction where defendant refused to comply with police when officers attempted to handcuff him, and after threatening to taser him if he did not comply, did in fact do so). However, minor scuffling that is inherent to some arrests is not sufficient to establish resisting arrest. **See Commonwealth v. Rainey**, 426 A.2d 1148, 1150 (Pa. Super. 1981).

Mooney's argument is a purely legal one and consists of two assertions. First, he contends that since he was found guilty only of assaulting Kelly, and

not Officer Williams, the interaction involving the Taser cannot form the basis of his conviction for resisting arrest.

Initially, we note that inconsistent verdicts are not a basis for vacating either verdict. *See Commonwealth v. Thomas*, 65 A.3d 939, 944-945 (Pa. Super. 2013). Accordingly, the fact that the jury found Mooney not guilty of assaulting Officer Williams would not prevent it from determining that Mooney was guilty of resisting arrest based on the same allegations.

Next, Mooney contends that he was no longer being pursued by Officer Williams when he had the altercation in the ambulance. As noted above, the jury was free to find Mooney guilty based on the allegations involving the use of the Taser. Even assuming that incident did not occur, the altercation in the ambulance was sufficient, on its own, to support the conviction. When the EMTs and Officer Williams attempted to subdue Mooney, he resisted their efforts, requiring the use of substantial force. Officer Williams ultimately placed Mooney in handcuffs.

Mooney also argues that he did not intentionally strike Officer Williams: "The defendant was merely running away and his flailing arm accidentally struck Officer Williams." *See* Appellant's Brief, at 9. However, the jury was entitled to infer that Mooney's actions were intentional, not the product of accident. *See Commonwealth v. Jackson*, 955 A.2d 441, 446 (Pa. Super. 2008) (noting that intent is a subjective state of mind that does not require direct evidence to establish).

We note that Mooney has not challenged the legality of his arrest on appeal. *See* Appellant's Brief, at 8-10.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020