J-S10037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN BARRY KIMBLE | : | |
| | : | |
| Appellant | : | No. 1178 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 3, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No: CP-06-CR-0000352-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED AUGUST 08, 2022**

Appellant, Devin Kimble, appeals from the aggregate judgment of sentence of two years' probation, which was imposed after his jury trial conviction for resisting arrest and recklessly endangering another person (REAP).[1,2]  We affirm.

The facts underlying this appeal are as follows.  On January 4, 2019, Police Officer Pablo Dominguez (Officer Dominguez) and Police Officer Shawn Heck (Officer Heck) were driving in the 1200 block of Perkiomen Avenue at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5104 and 2705, respectively.

[2] Additionally, the trial court found Appellant guilty of two traffic offenses, refusal to surrender registration plates and cards upon suspension and driving with a suspended license.  75 Pa.C.S. §§ 1376(a) and 1543(a), respectively. The trial court sentenced Appellant to pay fines for both charges.

3:00 a.m. N.T., 8/2/21, at 78-80. Officer Dominguez observed Appellant's vehicle, checked the status of the license plate and determined that it was suspended or revoked. *Id*. at 80. Appellant had pulled his vehicle into a parking spot on the road when Officer Dominguez initiated a traffic stop of Appellant's vehicle. *Id*. at 81-86.

Officer Dominguez approached the driver's side of the vehicle and informed Appellant that he was being pulled over because the plate was suspended. *Id*. at 86. Officer Dominguez testified that Appellant immediately became upset and angry and stated he believed the officers initiated the stop because of his race. *Id*. at 87-88. Appellant provided Officer Dominguez with the car information but did not produce a driver's license. *Id*. Officer Dominguez determined that Appellant had a scofflaw warrant for driving with a suspended license. *Id*. at 91.

Before taking Appellant into custody based on the scofflaw warrant, Officer Dominguez decided to call for backup and Officer Bryan Baxter arrived on the scene. *Id*. at 92-93. The three officers approached the vehicle and ordered Appellant to exit. *Id*. at 92-93. Appellant began to exit and the officers ordered him to turn around and face the vehicle, but Appellant did not comply. *Id*. at 94. Officer Dominguez testified that when he secured a handcuff on Appellant's one wrist, Appellant pulled his hands toward his chest, tensed his arms, and stepped on the side of the car to push himself up and away from the officers. *Id*. at 95. Officer Baxter testified that Appellant used

moderate force to actively tuck, tense, and pull his arms away from the officers. *Id*. at 62-65.

Appellant and the officers went to the ground in the middle of the southbound lane and Appellant continued to struggle against the officers by pulling his hands toward his chest. *Id*. at 65. Officer Dominguez testified that he was pulling hard and using substantial force because Appellant was trying to pull his arms under his body as much as he could. *Id*. at 98. Officer Baxter testified that he was using a good amount of force trying to get Appellant's arm free. *Id*. at 67. Officer Dominguez testified that Appellant was pulling hard, and screaming and yelling. *Id*., at 98. The officers testified that the struggle to handcuff Appellant lasted about a minute to a minute and a half. *Id*. at 70, 99.

The struggle occurred in the southbound lane of traffic, and Officer Baxter testified that the officers' feet were close to the double yellow line in the road and that he observed traffic going in both directions, with cars passing within two to three feet of the officers. *Id*. at 68. Officer Dominguez testified he was eventually able to secure Appellant's other arm into the handcuffs and stated that Appellant was resisting during the entire episode. *Id*. at 100-101. Officer Baxter testified that he had minor scrapes on his knee as a result of the episode. *Id*. at 71. It took two officers to walk Appellant to the police wagon because Appellant continued to push forward and backwards and officers had to pull Appellant's arms back so he could be searched. *Id*. at 101-102.

Appellant was arrested and charged with the offenses stated above. He proceeded to a jury trial on August 2, 2021 and was found guilty of resisting arrest and REAP. The trial court then found Appellant guilty of the summary traffic violations after a bench trial. The trial court sentenced Appellant to an aggregate sentence of two years' probation plus fines. Appellant filed a timely post-sentence motion, which the trial court denied on August 16, 2021. On September 8, 2021, Appellant filed this timely direct appeal.[3]

Appellant presents the following issues for our review:

1. Whether the guilty verdict for resisting arrest was in error as the evidence presented at trial was insufficient to prove beyond a reasonable doubt an essential element of the offense; specifically, the Officers were not in danger of bodily injury and did not need to employ substantial force in order to arrest Appellant.

2. Whether the guilty verdict for recklessly endangering another person was in error as the evidence at trial was insufficient to prove beyond a reasonable doubt an essential element of the offense, specifically, officers were not placed in danger of serious bodily injury or death.

Appellant's Brief, at 4.

In reviewing the sufficiency of the evidence, our standard of review is as follows:

Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to

_____

[3] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal on September 13, 2021. Appellant filed his timely Rule 1925(b) statement on September 23, 2021. The trial court entered its opinion on November 10, 2021.

enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. . . . Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fortson*, 165 A.3d 10, 14–15 (Pa. Super. 2017) (citation and internal brackets omitted) (some formatting), *appeal denied*, 174 A.3d 558 (Pa. 2017). "Moreover, if a fact finder reasonably determines from the evidence 'that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict.'" *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). A claim challenging the sufficiency of the evidence is a question of law; as such, the standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Weimer*, 977 A.2d 1103, 1104-05 (Pa. 2009) (citation omitted).

Appellant argues, first, that a mere assertion that substantial force was used by a police officer is not sufficient evidence to convict him of resisting arrest. Appellant's Brief at 15. He asserts that the incident was merely a scuffle. *Id*. at 16. Appellant compares the facts of his case to *Commonwealth v. Rainey*, 426 A.2d 1148 (Pa. Super. 1981) and

*Commonwealth v. Eberhardt*, 450 A.2d 651 (Pa. Super. 1982). Appellant's Brief at 14-15.

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. In addition to proving that the person had the intent to prevent a public servant from effecting a lawful arrest or discharging any other duty, this statute contains two additional disjunctive provisions. The Commonwealth must prove that the person (1) created a substantial risk of bodily injury to the public servant or to anyone else **or** (2) employed means justifying or requiring substantial force to overcome the resistance. *See Eberhardt*, 450 A.2d at 652 (appellant only charged with the first of the two disjunctive provisions found in § 5104.).

A conviction for resisting arrest cannot be sustained with evidence of a minor scuffle. *See*, *e.g.*, *Rainey*, 426 A.2d at 1150 (holding that simply trying to escape from officer's grip did not meet requirements for resisting arrest). "[I]t is equally well-established that a suspect's mere flight to escape arrest does not violate § 5104[.]" *In Int. of Woodford*, 616 A.2d 641, 644 (Pa. Super. 1992).

> [The resisting arrest statute] does not require evidence of serious bodily injury, nor does it require actual injury. Merely exposing another to the risk of such injury is sufficient to sustain a conviction[.]

- 6 -

*Id*. at 643–44.

Appellant argues that the facts of his case are similar to *Rainey*, 426 A.2d 1148 and *Eberhardt*, 450 A.2d 651. However, a closer examination of those cases shows that they are readily distinguishable. In *Rainey*, the appellant squirmed, wiggled, and shook himself to get away from the officer who had grabbed him by the sleeve of his coat when he attempted to run away. *Rainey*, 426 A.2d at 1149. This Court stated the "[a]ppellant's actions in attempting to escape were no more than efforts 'to shake off the policeman's detaining arm.'" *Id*. at 1150. We concluded that "[a]t most this was a 'minor scuffle' incident to an arrest." *Id*.

In *Eberhardt* the appellant was charged in the Information with resisting arrest by creating a substantial risk of bodily harm to the officers. The officers were executing a valid arrest warrant for appellant in his home and upon finding appellant hiding under the bed, the appellant began to "scuffle" with them. *Id*. at 652. "The scuffle proceeded into the living room and then downstairs into the dining room. During the scuffle, much furniture was overturned and one of the officers sustained a bruise on his forearm." *Id*. The appellant ultimately escaped through the third-floor window. *Id*. This Court determined that the "appellant's actions were only attempts to escape and not an aggressive assertion of physical force by appellant against the officers." *Id*. at 653. We found that there was no substantial risk of bodily harm to the officers. Notably, this Court stated it did not analyze whether the

appellant "employed means justifying or requiring substantial force to overcome the resistance" because it was not charged in the Information. *Id*.

"Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner," *see Fortson*, 165 A.3d at 14, the evidence is sufficient to establish resisting arrest because Appellant created a substantial risk of bodily injury to the officers by continuing to struggle with them as they were sprawled out in the middle of an active lane of traffic and within two to three feet of vehicles passing in either direction. Additionally, the evidence is sufficient to support the conviction because Appellant used means requiring substantial force to overcome the resistance, which is evident from his actions upon exiting the vehicle. *See Commonwealth v. Jackson*, 907 A.2d 540, 546 (Pa. Super. 2006) (sufficient evidence for resisting arrest when appellant created a substantial risk of bodily injury and employed means requiring substantial force to overcome his resistance by continuing to resist the officer attempting to take him into custody, kicking backward and striking the officer in his knee, requiring the officer to struggle to overcome the resistance and once taken into custody appellant continued to resist attempts to subdue him when he spat blood and saliva at the officer); *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (sufficient evidence for resisting arrest when officer testified that when he attempted to remove appellant's hand from his pocket appellant struggled with him, striking him with his left and right shoulders, while cursing and telling the officer to get off of him).

Appellant used a moderate amount of force to pull up his arms and tense them up when Officer Dominguez placed a handcuff around his right wrist. He stepped onto the step at the bottom of the car, pressed himself up and away from the officers and continued to pull up, and tuck up his arms. Additionally, once on the ground, Appellant persisted in his resistance by continuing to pull hard on his arms to get them under his full body weight, forcing the officers to pull hard to attempt to dislodge them from under Appellant's body. Officer Baxter used a good amount of force and Officer Dominguez had to use a substantial amount of force to overcome Appellant's continuous resistance. Even after securing Appellant with handcuffs, Appellant continued to struggle with officers on the way to the police wagon and before being searched. Appellant's issue is without merit as he *both* created a substantial risk of bodily injury to the officers and employed means justifying or requiring substantial force to overcome the resistance.

Next, Appellant challenges the sufficiency of the evidence regarding the conviction for REAP. Specifically, Appellant argues that the Commonwealth did not prove beyond a reasonable doubt that the officers were in danger of serious bodily injury or death. Appellant's Brief, at 16. Appellant argues that merely arresting Appellant in the road does not establish a risk of death or serious bodily injury. *Id*. He asserts that his resistance itself did not establish risk of serious bodily injury to the officers and argues that the danger posed

to the officers is no more than the danger posed to any officer while making a traffic stop on a travelled road. *Id*. at 16-18.[4]

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places **or may place** another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705 (emphasis added).

> "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

> Reckless endangerment of another person ("REAP") requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another.

*Commonwealth v. Shaw*, 203 A.3d 281, 284 (Pa. Super. 2019) (internal citation omitted).

"[T]he Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so." *Commonwealth v. Hopkins*, 747 A.2d 910, 915–16 (Pa. Super. 2000) (internal citation omitted). "Danger, not merely the apprehension of danger,

_____

[4] To the extent that Appellant challenges the *mens rea* requirement for REAP, *see* Appellant's Brief at 18, we find this is waived as he did not specify this element in his Rule 1925(b) statement. "[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Pa.R.A.P.] 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Hoffman*, 198 A.3d 1112, 1125 (Pa. Super. 2018) (internal citation omitted, brackets in original).

must be created." ***Id***. at 916 (internal citation omitted). "[T]he mere fact that the victim only sustained minor injuries and did not sustain "serious bodily injury" does not ipso facto establish that appellant's actions did not place others in danger of such injury." ***Commonwealth v. Lawton***, 414 A.2d 658, 662 (Pa. Super. 1979).

"Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner," ***see Fortson***, 165 A.3d at 14, the evidence is sufficient to establish that Appellant's conduct placed the officers in danger of death or serious bodily injury. ***See Commonwealth v. Headley***, 242 A.3d 940, 944 (Pa. Super. 2020) *appeal denied*, 253 A.3d 675 (Pa. 2021) (REAP established where, during an argument with his paramour, appellant discharged his gun into the floor of his apartment, the bullet entered the apartment of his downstairs neighbor and within three or four feet from where she was sitting, placing her in danger of death or injury and could have seriously wounded or killed her and finding appellant's actions created actual danger and not merely apprehension of danger.)

Appellant's actions, by continuing to struggle with officers in the middle of the southbound lane of an active road while cars were driving by two to three feet away and the struggle caused the officers' legs to be within two feet of the double yellow lines in the road, placed the officers in danger of being struck by a car driving in either direction. Being struck by a car going 25 to 35 miles per hour could certainly result in death or serious bodily injury, particularly when it was still dark outside and the street lights were obstructed

by trees. The episode occurred in the middle of the active southbound lane of travel. The northbound lane was in no way obstructed so that cars could drive northbound and cars driving southbound would have to enter into the northbound lane, pass the officers' cars, and come back into the southbound lane, where the struggle was occurring. For the reasons above, we conclude that Appellant's claim of error is meritless: the evidence was sufficient to establish that Appellant's actions created actual danger and placed or may have placed the officers in danger of death or serious bodily injury.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022