J-A27026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAREAD LAQUINN WEEDON | : | |
| | : | |
| Appellant | : | No. 791 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000003-2024

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED: MARCH 19, 2025**

Jaread Laquinn Weedon appeals from the judgment of sentence entered after he was convicted of resisting arrest.  18 Pa.C.S. § 5104.  Because Weedon failed to preserve his appellate issue for review, we affirm.

Police charged Weedon with resisting arrest on November 30, 2023. Notably, this charge requires proof of both a mental state and an action: that Weedon (1) intended to prevent a public servant from effectuating a lawful arrest or discharging any other duty and (2) created a substantial risk of bodily injury or employed means justifying or requiring substantial force to overcome the resistance.  18 Pa.C.S. § 5104.

The case proceeded to a jury trial.  The Commonwealth presented testimony and video that members of the Pennsylvania State Police went to Weedon's house for a Children and Youth referral.  After a long interview on the porch, Corporal Jessica Snyder told Weedon to place his hands behind his

back. Weedon asked to go inside to put on shoes, which the police initially agreed to but then refused. Troopers restrained Weedon when he tried to go inside. Weedon flailed his arms while being handcuffed and injured Trooper Emily Boozel while doing so.

The jury found Weedon guilty. The trial court sentenced Weedon to 21 months of probation.

Weedon timely appealed.[1] Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the trial court directed Weedon to file a concise statement of errors complained of on appeal. Weedon complied with the trial court's order, presenting the following six matters complained of on appeal:

1. Defendant avers that the Jury erred in concluding a finding of guilty on his Resisting Arrest charge.

2. Defendant avers that the weight of the evidence did not support a conviction.

3. Defendant avers that the statute required a finding of intent of preventing a public servant from effectuating a lawful arrest or discharge of any other duty and that he did not intend to prevent the officers from performing their duties.

4. Secondly, Defendant avers that the statute requires a substantial risk of bodily injury to the public servant and that the weight of the evidence provided did not substantiate a finding of substantial risk of bodily injury.

5. Defendant avers that the statute also states that it is either a substantial risk of bodily injury OR required substantial force to overcome the resistance.

---

[1] Weedon purported to appeal from the guilty verdict. However, in a criminal case, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. *Commonwealth v. Percell*, 328 A.3d 1115, 1119 (Pa. Super. 2024). We have corrected the caption accordingly.

6. Defendant avers given the totality of the evidence provided that the Jury erred in its finding in that the weight of the evidence did not support a finding of guilt beyond a reasonable doubt.

Rule 1925(b) Statement, 6/18/24.

The trial court then entered a memorandum opinion based on Weedon's Rule 1925(b) statement. First, the trial court determined that the verdict was not against the weight of the evidence. Second, the trial court opined that the evidence was sufficient to prove Weedon's mental state, *i.e.*, that he intended to prevent a public servant from effectuating a lawful arrest or discharging any other duty. Trial Court Opinion, 8/7/24.

In his appellate brief, Weedon presents one issue for review:

Whether the guilty verdict for resisting arrest was in error as the evidence presented at trial was insufficient to prove beyond a reasonable doubt an essential element of the offense; specifically, the troopers were not in danger of bodily injury and did not need to employ substantial force to arrest the appellant.

Weedon's Brief at 7 (capitalization omitted).

In his brief, Weedon argues that the evidence was insufficient to sustain his conviction because the Commonwealth did not prove that he did either of the statutorily prohibited actions. That is, Weedon contends he did not create a substantial risk of bodily injury, and he did not resist with means that justified or required substantial force to overcome. Weedon likens his conduct to the "minor scuffle" that this Court held insufficient in ***Commonwealth v. Rainey***, 426 A.2d 1148, 1150 (Pa. Super. 1981).[2]

---

[2] After briefing in this case, the Supreme Court of Pennsylvania abrogated ***Rainey***. ***Commonwealth v. Crosby***, _ A.3d _, 2025 WL 258756 (Pa. 2025).

We conclude that Weedon failed to preserve the sufficiency challenge that he now presents on appeal. The Supreme Court of Pennsylvania has set forth a "bright-line rule" that an appellate court may not review an issue that was not included in a Rule 1925(b) statement. **Commonwealth v. Castillo**, 888 A.2d 775, 776 (Pa. 2005) (reaffirming **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)). An appellant challenging the sufficiency of the evidence to sustain a conviction must specify, in his 1925(b) statement and his brief, which element of the crime he is contesting. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009).

Here, Weedon's sufficiency issue, in which he challenges the evidence that his actions violated the resisting arrest statute, was not included in his Rule 1925(b) statement. Weedon did include a claim that there was insufficient evidence of his mental state, which the trial court assessed. However, the defendant's mental state and his actions are separate elements of the resisting arrest statute. Weedon also included a challenge to the proof of his actions to the trial court, averring "that the weight of the evidence provided did not substantiate a finding of substantial risk of bodily injury." However, a weight claim (which the trial court assessed) is distinct from a sufficiency claim (which was not addressed). **Commonwealth v. Widmer**, 744 A.2d 745, 751–52 (Pa. 2000). Because Weedon did not include his sufficiency claim about his actions in his Rule 1925(b) statement, we cannot address the merits of the claim. **Gibbs**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/19/2025