## Commonwealth *v.* Meo, Appellant.

484

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joel Harvey Slomsky* and *William F. Coyle,* for appellant.

*Geoffrey H. Keppel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

The Appellant, John Meo, after trial before a judge sitting without a jury was convicted on charges of driving without lights to avoid arrest, resisting arrest and forcible entry. Following unsuccessful post-trial motions and sentencing, appellant filed this direct appeal to our Court.

The record shows that during the evening of March 31, 1973, two Philadelphia police officers in a patrol car observed a 1968 Chevrolet proceeding along the road; the car had heavy steam escaping from its front end. The officers, intending to investigate the problem with the Chevrolet, attempted to stop it by blowing the police car horn and activating its red flasher lights. Instead of stopping, the driver of the Chevrolet shut off its lights and accelerated to speeds of fifty to sixty miles an hour in a twenty-five mile per hour speed zone, while recklessly going from one side of the street to the other. The officers chased the Chevrolet for five or six blocks.

The driver of the Chevrolet pulled over and parked at an address on Cayuga Street, which officers later found to be the appellant's home. The driver of the Chevrolet, who

was later identified by one of the pursuing officers, got out and walked around to the passenger's side of the car. He then turned, looked in the direction of the officers, and suddenly ran down an alley, and escaped the officers.

The officers continued to search for the appellant for about an hour, until they were called to investigate an incident nearby on Dungan Street. Upon their arrival at the Dungan Street location, the officers proceeded into a private residence (4346 Dungan Street) where they found the appellant sitting in a chair in the living room. The resident of the address, an elderly woman, related that she was in her home that evening when a man (the appellant) suddenly walked into her home through the unlocked screen door. He pushed her and told her to get out. She quickly did so and summoned the police.

The officers testified that when they entered the home and found the appellant in the chair, he did not put up any resistance. Upon the questioning of the police, Meo replied that he lived in the house. He showed the officers a vehicle registration card which indicated the Cayuga Street address. He was then arrested and taken to the police station. The appellant took the stand at trial and testified simply that he could not recollect the details of any of his activities on the night in question due to the fact that he was completely intoxicated at the time of the incidents in issue.

Appellant's first claim is that the evidence was insufficient to support his conviction on all three charges. We find that the evidence of driving without lights to avoid arrest and of forcible entry was clearly sufficient. However, in view of the facts of record, even when considered in the light most favorable to the Commonwealth, *(Commonwealth v. Pierce,* 446 Pa. 479, 483, 288 A.2d 807, (1972)) we find that the conviction for resisting arrest must be reversed.

Meo was charged with resisting arrest under the Act of June 24, 1939, P.L. 872, §314, 18 P.S. §4314, in effect

at the time the charges were filed in this case.[1] A violation of that section required the use of force or threats of force, either express or implied by the defendant. See *Ascheim v. Quinlan,* 314 F. Supp. 685 (W.D.Pa. 1970); *Commonwealth v. Frankfeld,* 114 Pa. Superior Ct. 262, 173 A. 834 (1934) (concerning prior statute embodying same offense). In the instant case, the police testified that Meo was in no way forceful or resistant when they arrested him. The appellant's act of "running away" from the police, both in his car and later, on foot, while not to be condoned, did not constitute a violation of *this* section of our penal laws.

Next, the appellant challenges his sentencing. This aspect of the instant appeal is quite confusing, in view of the state of the record before this Court. On October 2, 1973, Meo appeared for sentencing in the lower court. A hearing was held and appellant was sentenced to one to twenty three months imprisonment, on the charge of driving without lights. Thereafter, after some further discussion about future opportunity for parole and instructions to the appellant concerning his appeal rights, the hearing was adjourned and appellant and his counsel departed. Apparently soon afterward, the District Attorney and the sentencing judge realized no disposition had been made on the remaining two charges. In the absence of appellant and his counsel, the court then pronounced sentence on the forcible entry and resisting arrest charges; the appellant was sentenced to one to twelve months imprisonment on each charge, concurrent with the earlier sentence.

On October 23, 1974, appellant filed a petition for reconsideration of all of the sentencing. Specifically, he claimed that the sentence imposed on the driving without lights charge exceeded the permissible statutory limits. The lower court vacated the sentence on this charge and

---

1. The newer criminal sections covering such matters may be found in 18 Pa. C.S. §§5101, 5104 and 5105.

resentenced appellant to one to three months imprisonment. The court dismissed the motion for reconsideration as to the other charges, and made the new sentence on the first charge concurrent with the latter one to twelve month sentences.

The District Attorney argues that the appellant waived his right to have our Court consider claims relating to sentencing on the latter two charges since this matter was not brought to the lower court's attention at the time it considered the motion for reconsideration. From the present state of the record, we are unable to determine exactly what transpired below in the reconsideration stage. While the District Attorney may have raised a meritorious argument in this regard, it is apparent that the whole sentencing transaction should be clarified in this case.

To require that appellant raise this particular claim via the avenue of a PCHA petition would be unnecessarily wasteful of the time of this Court and the lower court. It is well established that a criminal defendant and his attorney should be present during all aspects of sentencing. *Commonwealth v. Morales,* 444 Pa. 388, 282 A.2d 391 (1971) ; Pa. R.Crim.P. 1117. We believe justice would be best served in the instant case by remanding for clarification of sentence or possible resentencing in the lower court's discretion.[2]

The appellant's final argument contests the jurisdiction of the Court of Common Pleas to try him initially on the driving without lights charge, instead of affording him a trial first before a Philadelphia traffic court magistrate. See the Act of October 17, 1969, P.L. 263, Section 1, 17 P.S. §712.1. We think this claim has no merit.

The Minor Judiciary Court Appeals Act (Act of December 2, 1968, P.L. 1137, No. 355, 42 P.S. §3001 (*et*

---

2. Of course, in light of our earlier holding concerning the resisting arrest charge, appellant may only be sentenced on the remaining two charges.

*seq.*) provides for appeals to the Court of Common Pleas from summary convictions. See 17 P.S. §3002. In such cases, the appellant is afforded a trial *de novo* in Common Pleas Court. In the instant situation, where Meo was afforded a full and fair hearing on the merits by the Court of Common Pleas, we see no prejudice, especially in light of appellant's failure to raise this claim below. See *Commonwealth v. Williams*, 230 Pa. Superior Ct. 344, 326 A.2d 902 (1974).

Reversed in part and remanded for further proceedings in conformity with this Opinion.

PRICE, J., dissents.