450 A.2d 651

**COMMONWEALTH of Pennsylvania**

v.

**Anthony EBERHARDT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1981.

Filed June 25, 1982.

Reargument Denied Oct. 7, 1982.

G. William Bills, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

JOHNSON, Judge:

Appellant was found guilty, following a non-jury trial, of Resisting Arrest[1] and placed on one year probation. On appeal, he raises two issues: (1) that the lower court erred in denying his motion for demurrer because the Commonwealth failed to prove an essential element of the crime, i.e., a lawful arrest, and (2) that the evidence was insufficient to support the verdict.

Because of our disposition of this case, we need only consider the second issue, concerning the sufficiency of the evidence to sustain the verdict. The test is whether, reading the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, the Commonwealth has proven all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Contakos,* 492 Pa. 465, 424 A.2d 1284 (1981).

Reading the evidence in the light most favorable to the Commonwealth, the facts established at trial are these. The incident occurred at the home of the appellant. Three Pittsburgh police officers, in possession of an arrest warrant for appellant, went to his residence and were admitted into the home by appellant's brothers and sisters. A search of the second floor revealed appellant lying underneath a bed. After the officers removed appellant from underneath the

1. 18 Pa.C.S.A. § 5104.

bed, he began to scuffle with them, claiming he was not Anthony Eberhardt. The scuffle proceeded into the living room and then downstairs into the dining room. During the scuffle, much furniture was overturned and one of the officers sustained a bruise on his forearm. Appellant, finally breaking free, darted to the third floor of the home, exited through a window onto a porch, and successfully fled the area. Three days later, appellant was located on the Northside of Pittsburgh and was placed under arrest, without incident, by police officers.

The statute on resisting arrest, 18 Pa.C.S.A. § 5104 states:

### § 5014. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

Appellant was charged, in the information, as follows: The actor, with the intent of preventing a public servant, namely, Pittsburgh Police Officer Fred Wolfe from effecting a lawful arrest for burglary, theft, receiving stolen property and conspiracy created a substantial risk of bodily injury to the said public servant by knowingly, wilfully and forcibly obstructing, resisting and opposing the said officer in violation of Section 5104 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 5104.

This charge goes only to the first of the two disjunctive provisions found in § 5104.

This court in *Commonwealth v. Rainey,* 285 Pa.Super. 75, 426 A.2d 1148 (1981), reversed and discharged the defendant on a conviction of resisting arrest due to insufficient evidence. In *Rainey,* two Harrisburg police officers found the defendant lying on the floor of a vacant apartment in an inebriated condition. One officer escorted the defendant to a waiting police van and upon reaching it, defendant tried to break away. Defendant's conduct consisted of wriggling,

squirming and shaking himself violently in an attempt to free himself from the officer's grasp. One officer struck the defendant on the head with his nightstick and another officer grabbed him by the throat. It eventually required three officers to subdue the defendant but the officers admitted that at no time did the defendant strike or kick anyone, only that he tried to squirm and twist his way free of their grasp. Based on this conduct, the court held the evidence was insufficient to convict defendant of resisting arrest, as defined by section 5104.

The court in *Rainey* refers to section 208.31 of the Model Penal Code (Tent. Draft No. 8), pp. 128–29 as its primary source of authority. The court also cites *Commonwealth v. Meo*, 233 Pa.Super. 483, 334 A.2d 748 (1975), which involved a defendant charged with resisting arrest under the Act of June 24, 1939, P.L. 872, § 314, 18 P.S. § 4314, which differed substantially from the current section 5104 of the Crimes Code. The former section sets forth specific factual instances in which the crime of resisting arrest would apply. The language now found in section 5104 is not identifiable anywhere in the former section. We will therefore not place any reliance on *Commonwealth v. Meo, supra,* for support.

It can hardly be said that a substantial risk of bodily injury was created for anyone during the incident of the instant case. While furniture was overturned and one of the officers sustained a bruise on his arm, appellant's actions were only attempts to escape and not an aggressive assertion of physical force by appellant against the officers. At no time did appellant strike or kick anyone, he only attempted to free himself from the officers' grasps.

It also cannot be argued that appellant could be found guilty of the second part of section 5104, namely, employing means justifying or requiring substantial force to overcome the resistance, since appellant was not charged with this part of section 5104 in the information.

Therefore, this court is reluctantly bound to apply the *Rainey* court's analysis and hold that the evidence in the instant case was insufficient to sustain the verdict. We

226

must qualify this holding, however, with the recognition that reliance on *Commonwealth v. Meo, supra,* is misplaced, as discussed supra.

For the foregoing reasons, we reverse the judgment of sentence and discharge appellant.

WIEAND, J., dissents.