J-A09004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| :--- | :--- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| RASHAD AMIR SIMMONS | |
| Appellant | No. 212 WDA 2020 |

Appeal from the Judgment of Sentence entered January 13, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004955-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| :--- | :--- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| RASHAD AMIR SIMMONS | |
| Appellant | No. 213 WDA 2020 |

Appeal from the Judgment of Sentence entered January 13, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0009471-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  June 10, 2021**

Appellant, Rashad Amir Simmons, appeals from the judgment of

sentence imposed in the Court of Common Pleas of Allegheny County on

_____

[*] Retired Senior Judge assigned to the Superior Court.

January 13, 2020, following his convictions of, *inter alia*, harassment and resisting arrest.[1]   Appellant contends the evidence was insufficient to support his convictions and insufficient to prove that he was subject to a lawful arrest.  Following review, we affirm.

In its Rule 1925(a) opinion, the trial court summarized the underlying facts of this case as follows:

> [T]he credible evidence introduced at [Appellant's January 13, 2020 bench trial] established that on February 14, 2019, law enforcement officers stopped a vehicle driven by Mr. Simmons in the Homewood section of the City of Pittsburgh because the vehicle's inspection had expired.[2]   Homewood is a high crime area, having lots of violence, "lots of guns, lots of homicides, and . . . shootings."
>
> Mr. Simmons was irate that he had been pulled over.   [A]s officers approached Mr. Simmons' vehicle, "he was punching the steering wheel like swearing, cursing" and he "had a really aggressive demeanor[;]" . . . "before law enforcement even approached the vehicle, Mr. Simmons already appeared upset and he was punching the steering wheel, dashboard[;]" . . . "he immediately began punching the steering wheel and the dashboard, and officers could hear him screaming."  The officers

---

[1] 18 Pa.C.S.A. §§ 2709(a) and 5104, respectively.   Appellant also was convicted of a summary offense (operation of vehicle without official certificate of inspection).  75 Pa.C.S.A. § 4307(a).  Appellant's appeal of the harassment and resisting arrest convictions was docketed at Docket Number 212 WDA 2020.  Appellant also was convicted of simple assault stemming from an incident unrelated to the events giving rise to the instant appeal. He filed an appeal from that conviction at Docket Number 213 WDA 2020. His appeals were consolidated *sua sponte* by order of this Court entered February 14, 2020.  Appellant has abandoned all issues on appeal at Docket Number 213 WDA 2020.

[2] The inspection sticker had expired in June 2018.  N.T., Trial, 1/13/20, at 70.

attempted to calm Mr. Simmons, but Mr. Simmons did not calm down and instead "continually reached around the vehicle." He ignored commands "to stop reaching around the vehicle."

Given Mr. Simmons' conduct, the officers—for their safety—eventually removed him from his vehicle and searched him and the vehicle for weapons. No weapons were found. However, during the course of the search, Mr. Simmons informed officers that his vehicle not only had an expired inspection, but actually "needed worked on" and would not pass inspection in its current condition. The officers deemed the vehicle unsafe for Mr. Simmons to drive and informed him that it would need to be towed because it was not lawfully parked. Mr. Simmons was told that he was free to leave the scene.

However, upon learning his vehicle was going to be towed, Mr. Simmons became "more irate." He insulted the officers, yelled and screamed at them. He told them they were "incest babies" and "bitches." Mr. Simmons eventually "leaned up against the rear of his vehicle and . . . said that "you[, i.e., the officers,] are not towing my car." ("He stated that we would not tow his vehicle.") He then lunged his head and shoulders towards the officers and told each of them—there were three in total—that he would "fuck [them] up," causing the officers to fear for their safety.

Having just been threatened, the officers then informed Mr. Simmons that he "was under arrest," and they attempted to handcuff him. Mr. Simmons refused to put his hands behind his back to be handcuffed, and it took all three officers to take Mr. Simmons to the ground and "get him handcuffed."

Trial Court Opinion, 6/24/20, at 5-7 (citations to notes of testimony and some alterations omitted).

Following a bench trial, the trial court convicted Appellant of three counts of harassment—one with respect to each of the three officers—and one count of resisting arrest. The court ordered Appellant to serve two

years of probation for his resisting arrest conviction, concurrent with two years of probation for his harassment conviction.[3]

Appellant filed a timely appeal. Both he and the trial court complied with Pa.R.A.P. 1925. He now asks this Court to consider three issues:

> I. Whether the Commonwealth failed to present sufficient evidence to establish beyond a reasonable doubt that Mr. Simmons communicated threatening words with the intent to harass, annoy, or alarm another person during a momentary outburst following a tense encounter with three police officers?
>
> II. Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that Mr. Simmons was subject to a lawful arrest, as required to sustain a conviction for Resisting Arrest (M2) under 18 Pa.C.S.A. § 5104?
>
> III. Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that Mr. Simmons either created a substantial risk of bodily injury to a public servant or anyone else, or employed means justifying or requiring substantial force to overcome any resistance when he passively refused to place his arms behind his back?

Appellant's Brief at 6.

Each of Appellant's issues challenges sufficiency of the evidence. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our

---

[3] The trial court also sentenced Appellant to one year of probation as well as restitution for his simple assault conviction in the companion case. The court structured the sentences so that Appellant would serve a total of three years' probation. Trial Court Opinion, 6/24/20, at 2.

scope of review is plenary." ***Commonwealth v. Edwards***, 177 A.3d 963, 969 (Pa. Super. 2018) (citation omitted).

In ***Commonwealth v. Akmedov***, 216 A.3d 307 (Pa. Super. 2019), this Court reiterated:

> Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.

***Id.*** at 322 (citation omitted). "The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." ***Edwards***, 177 A.3d at 969 (cleaned up).

Appellant first contends the evidence was insufficient to support his convictions for harassment. Specifically, he argues the evidence did not establish that he "communicated threatening words with the intent to harass, annoy or alarm" during his "momentary outburst following a tense encounter with three police officers." Appellant's Brief at 6.

Pursuant to the provisions of 18 Pa.C.S.A. § 2709(a)(4), "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: . . . (4) communicates to or about such person any lewd, lascivious, threatening or obscene words, [or] language[.]" As

revealed in the trial court's description of the encounter between Appellant and the three officers set forth above,

> Mr. Simmons made an aggressive movement toward the officers and threatened to "fuck . . . up" each of them. Mr. Simmons placed the officers in fear. Accordingly, the court believes the credible evidence established that Mr. Simmons, who did not want his vehicle to be towed, threatened the officers with the intent to harass, annoy, or alarm them.

Trial Court Opinion, 6/24/20, at 8 (some capitalization omitted).

Viewing the evidence and reasonable inferences drawn therefrom in the light most favorable to the Commonwealth as verdict winner, we find the evidence was sufficient for the trial court, as finder of fact, to conclude the Commonwealth established the elements of harassment beyond a reasonable doubt. Therefore, we shall not disturb that finding. Appellant is not entitled to relief on his first issue.

Appellant's second and third issues relate to his conviction for resisting arrest. A person may be convicted of resisting arrest if he, "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, . . . creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104.

In his second issue, Appellant claims the conviction cannot stand because the Commonwealth did not demonstrate beyond a reasonable doubt that the arrest in question was lawful. As the trial court recognized, "A lawful arrest is, indeed, an essential element of the crime of resisting

arrest." Trial Court Opinion, 6/24/20, at 8 (citing **Commonwealth v. Rahman**, 75 A.3d 497, 504 (Pa. Super. 2013)). "The lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." **Id.** at 8-9 (quoting **Rahman**, 75 A.3d at 504) (in turn quoting **Commonwealth v. Jackson**, 928 A.2d 618, 620 (Pa. 2007)).

Our review of the record supports the trial court's conclusion that there was probable cause to arrest Appellant. "His disruptive and threatening behavior was such that he was eventually convicted of the crime of harassment." Trial Court Opinion, 6/24/20, at 9. As the Commonwealth notes:

> [A]ppellant was angry, aggressive, recalcitrant and uncooperative throughout the incident, even as the officers were trying to de-escalate the situation and calm him down. They specifically told him multiple times that, although his car had to be towed, he himself was free to leave. He responded by not calming down and leaving, but by individually threatening each of the officers in turn with bodily harm—leaning in the direction of each and saying to each "I'm going to fuck you up." Those actions gave the officers probable cause to arrest him immediately because he had committed the crime of harassment in their presence.

Commonwealth Brief at 16. The record established probable cause to arrest Appellant for harassment. Appellant's second issue fails.

Appellant next challenges his conviction for resisting arrest and cites three cases in support of his contention that the Commonwealth failed to establish the elements of resisting arrest set forth in Section 5104, as quoted above. First, he relies on **Commonwealth v. Rainey**, 426 A.2d

- 7 -

1148 (Pa. Super. 1981), noting this Court in *Rainey* determined that "a minor scuffle incident to an arrest" does not rise to the level of resisting arrest, and that a person who merely attempts "to shake off the policeman's detaining arm" cannot be found guilty of resisting arrest because that conduct does not evince danger to the public or the officer involved. Appellant's Brief at 26 (quoting *Rainey*, 426 A.2d at 1150).

In *Rainey*, the inebriated Rainey had taken refuge in a friend's apartment, unaware that the friend had moved out. An upstairs neighbor called the police after hearing the flushing of a toilet in the apartment below. When the responding officers attempted to arrest Rainey, he tried to run away. One officer pursued and grabbed Rainey by the sleeve of his coat. Rainey "began to shake himself violently, to wiggle and squirm in an attempt to free himself of the officer's grasp." *Rainey*, 426 A.2d at 1149. Rainey was ultimately restrained and handcuffed. By the testimony of two officers, "at no time during the fracas did appellant strike, push or kick anyone, but merely attempted to squirm, wiggle, twist and shake his way free of their grasp." *Id.* Because Rainey was merely trying to get away, this Court reversed his conviction.

Appellant next cites *Commonwealth v. Eberhardt*, 450 A.2d 651 (Pa. Super. 1982), in which this Court acknowledged it was "reluctantly bound to apply the *Rainey* court's analysis" and concluded the charge of resisting arrest was not supported by Eberhardt's actions because they

"were only attempts to escape and not an aggressive assertion of physical force by [Eberhardt] against the officers. At no time did [he] strike or kick anyone, he only attempted to free himself from the officer's grasps." ***Id.*** at 653.

In ***Eberhardt***, this Court recognized that Eberhardt could not "be found guilty of the second part of section 5104, namely, employing means justifying or requiring substantial force to overcome the resistance, since [Eberhardt] was not charged with this part of section 5104 in the information." ***Id.*** By contrast, Appellant **was** charged with the second part of Section 5104, as reflected in the Criminal Complaint against Appellant, which reads, in relevant part:

> **The actor** with the intent of preventing one or more public servants, namely [Officer] Dettling from effecting a lawful arrest or discharging a duty, create[d] a substantial risk of bodily injury of the public servant or another person or persons or **employed means justifying or requiring substantial force to overcome the resistance** in violation of 18 Pa.C.S. § 5104.

Police Criminal Complaint, 2/14/19, at 3 (emphasis added).

Importantly, shortly after deciding ***Rainey*** and ***Eberhardt***, this Court declined to follow the dictum from those cases that suggested the Commonwealth was required to show the defendant kicked or struck an officer to sustain a conviction for resisting arrest. ***Commonwealth v. Miller***, 475 A.2d 145, 146 n. 4 (Pa. Super. 1984). While there clearly is no suggestion here that Appellant kicked or struck any of the officers, the testimony does support the conclusion that the officers were required to use

substantial force, *i.e.*, the second part of Section 5104, to overcome Appellant's resistance to being arrested and handcuffed. Evidence that the officers were required to use substantial force to overcome Appellant's resistance was sufficient to support the conviction for resisting arrest.

Somewhat curiously, Appellant also cites ***Commonwealth v. Thompson***, 922 A.2d 926 (Pa. Super. 2007), in support of his assertion that the Commonwealth failed to establish the elements of resisting arrest. In ***Thompson***, this Court affirmed a conviction for resisting arrest based on the substantial force required to overcome the defendant's passive resistance. Nevertheless, Appellant contends:

> Section 5104 therefore does not create a catchall offense of which any uncooperative arrestee may be convicted, but applies only to situations where a tangible threat of physical can be demonstrated [*sic*], or where the "substantial force" necessary to subdue is sufficient to leave the arresting officer or officer "exhausted[.]"

Appellant's Brief at 26 (quoting ***Commonwealth v. Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007)).[4] However, in ***Thompson***, we determined that "Appellant's use of passive resistance requiring substantial force to overcome provided sufficient evidence for upholding the resisting arrest conviction." ***Id.*** at 928; ***see also Commonwealth v. McDonald***, 17 A.3d

---

[4] While the officer involved in Thompson's arrest testified he was "exhausted" by the encounter with Thompson, that case does not suggest that an officer must exert substantial force to the point of exhaustion. To the extent Appellant is attempting to inject exhaustion into the analysis, we reject it.

1282, 1286 (Pa. Super. 2011) (holding evidence that defendant ran from police officers and refused to submit to their authority was sufficient to sustain conviction of resisting arrest because officers were required to use substantial force to overcome his resistance).

In **Thompson**, we rejected appellant's argument that her conviction for resisting arrest should be reversed, finding

> Appellant's argument completely ignores the statutory language of section 5104 criminalizing resistance behavior that **requires substantial force to surmount**. Officer Ewing testified that she struggled to pull Appellant apart from her husband with whom she had interlocked her arms and legs. Although Officer Canfield verbally commanded Appellant several times to put her hands behind his back, she refused to obey and held her arms tightly beneath him.

*Id.* (citation omitted) (emphasis added).

Similarly, testimony of the three officers involved in Appellant's arrest—as quoted in the excerpt of the trial court's opinion above—establishes that substantial force was required to overcome Appellant's resistance. As the Commonwealth observed:

> [T]here was more than sufficient evidence that [A]ppellant caused a substantial risk of bodily injury to the officers and that he employed resistance requiring substantial force to overcome. The officer's testimony was that [A]ppellant was a large man and that he was resisting by holding his fists clenched and his arms beside his body. His resistance was so great that three officers were not able to get handcuffs on [A]ppellant without first taking him to the ground. In fact, one of the officers had to employ a painful maneuver called a knee strike to get [A]ppellant on the ground.

Commonwealth Brief at 17.

- 11 -

Our review of the evidence supports the Commonwealth's assertions. More importantly, our review of the record supports the trial court's conclusion that the evidence, viewed in a light most favorable to the Commonwealth as verdict winner, was sufficient to establish the elements of resisting arrest beyond a reasonable doubt. Therefore, Appellant's second and third issues fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2021